IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| The South Carolina Department of Health and Environmental Control, | ) ) ) ) ) | |
| Plaintiff, | ) ) | C/A No. 6 04 - 23349 - GRA |
| v. | ) ) | **ORDER** |
| American Fast Print Limited (U.S.) d/b/a U.S. Finishing, Duke Energy Corporation (f/k/a Duke Power Company) and Piper Properties Of Greenville, LLC, | ) ) ) ) ) ) | [Written Opinion] |
| Defendants. | ) ) ) | |
| American Fast Print Limited (U.S.) d/b/a U.S.Finishing, | ) ) ) | |
| Third-Party Plaintiff, | ) ) | |
| v. | ) ) | |
| Duke Energy Corporation and Piper Properties Of Greenville, LLC, | ) ) | |
| Third-Party Defendants. | | |

This matter comes before the Court on the Plaintiff's Motion for Approval and Entry of Consent Decree between the South Carolina Department of Health and Environmental Control (DHEC) and the Defendant Duke Energy Corporation.

1

After considering the submissions and arguments of counsel on December 28, 2005, Plaintiff's Motion for Approval and Entry of Consent Decree between the South Carolina Department of Health and Environmental Control (DHEC) and the Defendant Duke Energy Corporation is CONDITIONALLY DENIED as hereinafter set forth.

While the policy of United States Courts is to promote fair and equitable settlement among parties, this action is premature to determine whether or not this settlement is in fact, fair and equitable to all parties involved in this litigation and fair, reasonable and faithful to the objectives of the Comprehensive Enviromental Response, Compensation and Liability Act (CERCLA). *See U.S. v. Cannons Engineering Corp.*, 899 F.2d 79, 84 (1st Cir. 1990); 42 U.S.C. § 9601, *et. seq.*, as amended.

Based on the testimony and arguments presented to this Court on December 28, 2005, the Court is unable to determine a key factor in this settlement agreement: the substantive fairness of the consent decree. Substantive fairness assesses the concepts of justice and accountability. The logic behind these concepts dictates that settlement terms must be based upon, and roughly correlated with, some acceptable measure of comparative fault, apportioning liability among the settling parties according to rational (if necessarily imprecise) estimates of how much harm each PRP has done. *Id.* at 87.

The Court does not know if the amount of land covered by this agreement will adequately and equitably allocate a fair amount of responsibility that each party should bear in the event it is shown by competent evidence that the total amount of land which is contaminated by PCBs and/or other contaminents at this site is greater than that which is covered in the agreement. Further, should evidence indicate greater contamination of PCBs and/or other illegal hazardous materials, to include any past, present or potentially future contamination outside the area covered in the agreement[1], the Court feels that it would be wholly inequitable to not allow for the development of fault and accountability concerning the parties involved.

Therefore this Court holds that a final decision in this matter will be held in abeyance until further competent evidence is presented, in order for the Court to better determine whether the agreement is fair to all parties involved and fair, reasonable and faithful to the objectives of CERCLA. *Cannons*, 899 F.2d at 84.

IT IS HEREBY ORDERED that Plaintiff's Motion for Approval and Entry of Consent Decree between the South Carolina Department of Health and Environmental Control (DHEC) and the Defendant Duke Energy Corporation is

---

[1] To date, DHEC has identified PCB-contamination in five of the areas of concern: The Northern Reservoir, Old Brine Pit, Stained Soil Areas, the Containment Basin and the Reedy River Flood Plain. (DHEC memo at 28).

CONDITIONALLY DENIED. When the Court is presented with additional evidence on all issues pertaining to this matter, including apportionment of liability among all parties to this action, another hearing will be scheduled.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

December 29, 2005.